**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH J. CHRISTOPHER,

     Plaintiff,

v.                                     Case No. 12-cv-11872

OWNIT MORTGAGE SOLUTIONS, INC., et al.

     Defendants.

_____/

**ORDER DENYING PLAINTIFF'S**
**"MOTION FOR A TEMPORARY RESTRAINING ORDER"**

Plaintiff Kenneth J. Christopher filed a motion for a temporary restraining order on August 17, 2012, seeking to have the party who foreclosed on his home enjoined from seeking a Judgment of Possession. In his motion, Plaintiff claims he will incur immediate and irreparable financial losses attributable to contesting the foreclosure in two separate forums. The court will deny the motion.

When evaluating a motion for a temporary restraining order ("TRO"), a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65. *Leslie v. Penn Cent. R.R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)). Rule 65 states in relevant part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).  When evaluating whether to issue a TRO, the court must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]."  *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted).

First and foremost, financial loss by itself does not constitute an irreparable injury.  *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1382 (6th Cir. 1995) ("An injury is irreparable if it cannot be undone through monetary remedies. As a general rule, a movant has not established irreparable harm where damages would adequately compensate the movant for the asserted harm.") (citations omitted). Plaintiff has not shown how monetary damages would be inadequate compensation if he were harmed by Defendants filing a Judgment of Possession, nor has he offered any reason for denying Defendants an opportunity to respond before an injunction is entered, as required by Rule 65(b).  Finally, Plaintiff's motion fails for lack of specificity; Plaintiff requests that the court enjoin "the foreclosing Party" without providing that party's identity.

IT IS SO ORDERED that Plaintiff's "Motion for a Temporary Restraining Order" [Dkt. # 14] is DENIED.

  s/Robert H. Cleland                    
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 23, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 23, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner                 
Case Manager and Deputy Clerk
(313) 234-5522