**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KENNETH J. CHRISTOPHER,

    Plaintiff,

v.                                                             Case No. 12-11872

OWNIT MORTGAGE SOLUTIONS, INC., et al.,

    Defendants.
                                               /

**ORDER GRANTING IN PART AND DENYING IN PART "PLAINTIFF'S MOTION TO AMEND COMPLAINT" AND DISMISSING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

One week after Defendants Mortgage Electronic Registration Systems, Inc. and U.S. Bank, N.A. filed a motion for summary judgment, Plaintiff Kenneth J. Christopher moved to amend his complaint for quiet title. Plaintiff seeks to allege that the foreclosure on his property was invalid under Mich. Comp. Laws § 600.3204(1)(d) and that he was denied his right to a mediation hearing under Mich. Comp. Laws § 600.3205. The motion has been fully briefed, and the court decides a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant in part Plaintiff's motion to amend the complaint and deny in part the motion. The court will also deny without prejudice Defendants' motion for summary judgment.

**I. BACKGROUND**

Plaintiff and Ownit Mortgage Solutions, Inc. ("Ownit") entered into a mortgage agreement and promissory note for the purchase of property ("Property") on April 7, 2006. Mortgage Electronic Registration Systems, Inc. ("MERS"), "as nominee" for

Ownit, assigned the mortgage to U.S. Bank, N.A. ("U.S. Bank") on June 30, 2011. Plaintiff became delinquent on the mortgage and U.S. Bank initiated foreclosure proceedings in July 2011. Plaintiff filed a complaint for quiet title on March 13, 2012, against Defendants Ownit, MERS, Bank of New York Mellon, Merrill Lynch Mortgage Investors, Inc., and U.S. Bank. The foreclosure proceeded and U.S. Bank successfully bid on the Property at a Sheriff's Sale on April 5, 2012.

MERS and U.S. Bank (collectively, "Defendants") filed a motion for summary judgment on August 17, 2012. Plaintiff moved to amend his complaint shortly thereafter on August 24, 2012, to include two allegations: (1) the foreclosure violated Mich. Comp. Laws § 600.3204(1)(d) because the assignments of the mortgage and the note were invalid, thereby precluding U.S. Bank from being a creditor to the Property; and (2) Plaintiff was denied his right to a mediation hearing in violation of Mich. Comp. Laws § 600.3205.

## II.  STANDARD

Federal Rule of Civil Procedure 15 governs when a pleading may be amended. After twenty-one days of serving a pleading or service of a responsive pleading, a party may amend its pleading only with the opposing party's written consent or at the court's leave. Fed. R. Civ. P. 15(a)(1)–(2). Courts "should freely give leave when justice so requires." *Id.* The Supreme Court explained that leave should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Whether an amendment is granted is subject to the district court's discretion.  *Id.*

A "proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  A complaint may be dismissed under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) is "interpreted in conjunction with Federal Rule of Civil Procedure 8, requiring a short and plain statement of the claim."  *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011).  The purpose of Rule 8 is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conely v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  The "factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Evans-Marshall v. Bd. of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005).  In doing so, the court must "draw all reasonable inferences in favor of the plaintiff."  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  "[T]he court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account."  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.

2001).

## III. DISCUSSION

Plaintiff seeks to amend his complaint to include two allegations: (1) that U.S. Bank was not a creditor to the Property because the assignments of the mortgage and the note were invalid, thereby rendering the foreclosure improper and violative of Mich. Comp. Laws § 600.3204(1)(d); and (2) that Defendants denied Plaintiff his right to a mediation hearing in violation of Mich. Comp. Laws § 600.3205. Defendants argue that these allegations are futile and made in bad faith.

### A. Violation of Mich. Comp. Laws § 600.3204(1)(d)

Plaintiff seeks to allege in his amended complaint that the assignments of both the mortgage and the note to U.S. Bank were invalid; consequently, U.S. Bank was not "the owner of the indebtedness" under Mich. Comp. Laws § 600.3204(1)(d) and improperly foreclosed on the Property. Mich. Comp. Laws § 600.3204(1)(d) ("[A] party may foreclose a mortgage by advertisement if all of the following circumstances exist: . . . The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage.").

Plaintiff proposes three arguments as to why the mortgage assignment was invalid. Ownit entered into a mortgage agreement and promissory note for the purchase of the Property. "MERS," "as nominee" for Ownit, assigned the mortgage to U.S. Bank on June 30, 2011. Plaintiff alleges that because Ownit filed and was approved for a Chapter 11 bankruptcy on January 16, 2008, it is "doubtful" that MERS assigned the mortgage "as nominee" for Ownit instead of for another mortgage-acquiring entity. (Pl.'s Mot. Am. Compl. Ex. 1 ¶ 15, Dkt. # 19-1.) Plaintiff therefore

4

claims that the assignment "must be viewed with suspicion and indeed, may be void as a matter of law." *Id.*

Second, Plaintiff attacks the validity of the mortgage assignment because it was signed by Debra Lyman, a Vice President for Litton Loan Servicing, Inc. ("Litton"). Litton was a former subsidiary of Goldman Sachs. On September 1, 2011, Goldman Sachs entered into "Consent Order" with the Board of Governors of the Federal Reserve System which stated, "Goldman Sachs, through Litton allegedly filed . . . numerous affidavits and other mortgage-related documents that were not properly notarized." (Pl.'s Mot. Am. Compl. Ex. 9 at 2–3, Dkt. # 19-10.) Plaintiff argues that this Consent Order provides "justifiable cause to question the validity" of the assignment. (Pl.'s Mot. Am. Compl. Ex. 1 ¶ 19, Dkt. # 19-1.) Plaintiff further claims that Lyman's signature on the mortgage assignment "raises suspicion regarding the validity of the assignment because Ms. Lyman has been known to have signed many documents, affidavits, etc. with vast variations between signatures." (Pl.'s Mot. Am. Compl. Ex. 1 ¶ 17, Dkt. # 19-1.)

Plaintiff's third argument states that the pooling and servicing agreement ("PSA"), which allegedly governs the time frame for completing assignments of mortgages into the Trust, requires assignments to occur between June 1, 2006, (the cut-off date) and June 26, 2006, (the closing date). Plaintiff asserts that because the mortgage was assigned to U.S. Bank on June 30, 2011, five years after the closing date, the assignment was invalid.

Similarly, Plaintiff alleges that the assignment of the note was improper because it also violated the PSA by not "includ[ing] all intervening endorsements showing a

5

complete chain of title." (Pl.'s Mot. Am. Compl. Ex. 10 at 3, Dkt. # 19-11.) According to Plaintiff, in order for U.S. Bank to have properly foreclosed on the property under the PSA, the note must have first been endorsed by Ownit, then to the "Sponsor," then to the "Depositor," and then physically forwarded and received by the Custodian of the Trust. (Pl.'s Mot. Am. Compl. Ex. 1 ¶ 22, Dkt. # 19-1.) Plaintiff alleges that the PSA's requirement to show a complete chain of title was not followed, resulting in an improper assignment of the note to U.S. Bank.

Plaintiff's allegations that the mortgage assignment was invalid because it is "doubtful" that MERS assigned the mortgage "as nominee" for Ownit, Lyman's signature "raises suspicion regarding the validity of the assignment," and because of the Federal Reserve System's Consent Order, all appear speculative to the point that they would not survive Rule 12(b)(6). While a court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations, *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995), it "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 466 (6th Cir. 2000).

However, Plaintiff may be able to seek relief under Mich. Comp. Laws § 600.3204(1)(d) if it is true that the PSA governs the assignments of the Property's mortgage and note and those assignments violated the PSA's provisions. Defendants have not, in their brief for this motion, provided any response to these arguments beyond calling them "unsubstantiated and untrue." (Defs.' Resp. at 7, Dkt. # 20.) Defendants only assert that U.S. Bank was allowed to submit a credit bid at the Sheriff's Sale because it was the mortgagee of record at the time of sale, but this argument does

6

not address whether the assignments of the mortgage and note were valid. Defendants have not proven to be futile Plaintiff's allegation that the foreclosure violated Mich. Comp. Laws § 600.3204(1)(d). Nor have Defendants offered any evidence to support that this allegation is brought in bad faith. Plaintiff is therefore granted leave to amend his complaint to allege that the foreclosure was invalid and that U.S. Bank was not permitted to submit a credit bid at the Sheriff's Sale.

### B.  Violation of Mich. Comp. Laws § 600.3205

Plaintiff alleges that Defendants failed to advise Plaintiff of his statutory right to a mediation hearing as required by Mich. Comp. Laws § 600.3205. On July 27, 2011, Defendants mailed Plaintiff a letter to provide notice of his rights "pursuant to Mich. Comp. Laws § 600.3205a(1)." (Defs.' Resp. Ex. A at 2, Dkt. # 20-2.) As required by the statute, Defendants' letter informed Plaintiff the amount due on his mortgage loan, the name and contact information of the agent designated to make loan modification agreements, and a list of housing counselors from whom Plaintiff may seek advice. *Id.* Most significantly, the letter read, "Within 14 days of the date of this notice, you may request a meeting with the agent designated above to attempt to work out a modification of the mortgage loan to avoid foreclosure by contacting a housing counselor from the list provided in this notice." *Id.* Plaintiff appears to have understood his right to a mediation hearing as he requested one. Defendants sent Plaintiff a second letter confirming that Plaintiff had "requested a meeting . . . to discuss loan modification" and that "[a]s a result, the foreclosure process will not continue until on or after October 25, 2011." (Defs.' Resp. Ex. B at 2, Dkt. # 20-3.) In light of such evidence, Plaintiff's claim that Defendants failed to inform him of his right to a mediation

hearing pursuant to Mich. Comp. Laws § 600.3205 would not survive a motion to dismiss and is futile.

## IV.  CONCLUSION

Accordingly, IT IS ORDERED that "Plaintiff's Motion to Amend Complaint" [Dkt. # 19] is GRANTED IN PART AND DENIED IN PART.  It is GRANTED with respect to any allegations related to whether Defendant U.S. Bank, N.A. was the "owner of the indebtedness" under Mich. Comp. Laws § 600.3204(1)(d) when it foreclosed on Plaintiff's property.  It is DENIED with respect to any allegations regarding whether Defendants violated Mich. Comp. Laws § 600.3205.  Plaintiff is DIRECTED to file his amended complaint by October 29, 2012.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment [Dkt. # 15] is DENIED WITHOUT PREJUDICE so that Defendants may re-file their summary judgment motion in accordance with Plaintiff's amended complaint.

    s/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2012, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522