**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KENNETH J. CHRISTOPHER,

    Plaintiff,

v.                                              Case No. 12-11872

OWNIT MORTGAGE
SOLUTIONS, INC., et al.,

    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Kenneth Christopher filed a complaint seeking to set aside the sheriff's sale of his property. Defendants Mortgage Electronic Registration Systems, Inc., and U.S. Bank, N.A., moved for summary judgment. The motion has been fully briefed, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant the motion.

**I. BACKGROUND**

On April 7, 2006, Plaintiff Kenneth Christopher and non-party Tracey Christopher borrowed $285,000 from Defendant Ownit Mortgage Solutions, Inc., ("Ownit") to purchase the property located at 8656 Frederick Drive, Washington, Michigan (the "Property"). Plaintiff secured the debt by granting a mortgage of the same amount to Defendant Mortgage Electronic Registration Systems, Inc., ("MERS") solely as nominee for Ownit and Ownit's successors and assigns. MERS assigned the mortgage to Defendant U.S. Bank, N.A., ("U.S. Bank") on June 30, 2011. (Defs.' Mot. Ex. B, Dkt.

# 29-3.)  Plaintiff became delinquent on the mortgage and owed a balance of $371,833.38.  (Defs.' Mot. Ex. D, Dkt. # 29-5.)  U.S. Bank instituted foreclosure proceedings by advertisement on July 27, 2011, and purchased the home at a sheriff's sale on April 5, 2012.  (*Id.*)

On March 13, 2012, Plaintiff filed in Macomb County Circuit Court a complaint to quiet title against Defendants Ownit, MERS, U.S. Bank, Bank of New York Mellon, and Merrill Lynch Mortgage Investors, Inc.  After removal to this court, Plaintiff stipulated to dismissing Merrill Lynch Mortgage Investors, Inc., with prejudice.  Plaintiff alleges that the foreclosure should be set aside because U.S. Bank was not "the owner of the indebetdness," under Michigan Compiled Laws § 600.3204(1)(d), when it foreclosed on the Property.  MERS and U.S. Bank (hereafter "Defendants") now move for summary judgment.

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must first show the absence of a genuine issue of material fact.  *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The burden then shifts to the non-moving party who "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party must put forth enough evidence to show that there exists a genuine issue to be decided at trial.  *Plant*, 212 F.3d at 934 (citing *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 256 (1986)). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-52. When deciding summary judgment motions, "the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003) (citing *Matsushita*, 475 U.S. at 587). The court does not weigh the evidence to determine the truth of the matter, but rather to determine if the evidence creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson*, 477 U.S. at 249).

### III. DISCUSSION

Plaintiff's complaint alleges that the sheriff's sale should be set aside because U.S. Bank was not "the owner of the indebtedness" and, therefore, did not have standing to foreclose on the Property. Mich. Comp. Laws § 600.3204(1)(d). Plaintiff offers two arguments to support this assertion, both of which Defendants claim fail as a matter of law.

First, Plaintiff challenges the assignment of the mortgage, claiming that U.S. Bank has not provided evidence verifying what entity MERS was acting as nominee for when it assigned the mortgage to U.S. Bank. Yet Plaintiff, a non-party to the assignment of the mortgage, lacks standing to challenge that assignment. *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97,

102 (6th Cir. 2010); *Carmack v. Bank of N.Y. Mellon*, No. 12-cv-11669, 2012 WL 2389863, at *7 (E.D. Mich. June 25, 2012); *Robinson v. Select Portfolio Servicing, Inc.*, No. 11-11357, 2011 WL 6122776, at *8 (E.D. Mich. Dec. 9, 2011). Plaintiff alleges that the assignment is invalid because the record chain of title "may be irreparably broken." (Pl.'s Compl. ¶ 28, Dkt. # 24.) While a mortgagor "has standing to challenge whether a lender holds record chain of title, . . . that determination is limited to an examination of the public records." *Livonia*, 339 F. App'x at 103. A mortgagor cannot challenge the assignment because he is unsatisfied with the record chain of title. *Id.* Defendants have submitted the assignment of the mortgage from MERS to U.S. Bank, thereby showing that a record chain of title exists. (Defs.' Mot. Ex. B, Dkt. # 29-3.) Plaintiff's claim does not arise from an examination of the public records, but rather from Plaintiff's dissatisfaction with the record chain of title. Consequently, Plaintiff lacks standing to challenge the record chain of title. *Livonia*, 339 F. App'x at 103.

An exception exists to the general rule that a non-party to an assignment lacks standing to challenge that assignment. A mortgagor "may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void," such as "nonassignability of the instrument, assignee's lack of title, [or] a prior revocation of the assignment." *Id.* at 102 (citations omitted). Mortgagors have standing to raise those defenses when there is a "genuine claim" as to the identify of the rightful owner of the loan such that mortgagors may be subject to double liability and "cannot otherwise protect themselves from having to pay the same debt twice." *Id.*

Plaintiff cannot credibly claim that he was at risk of paying the same debt twice. First, as has already been established, a record chain of title exists demonstrating that

4

U.S. Bank is the rightful owner of the mortgage. Second, Plaintiff was not at risk of paying the same debt twice; he does not allege that he attempted to make payments on the mortgage balance after the assignment to U.S. Bank. The complaint claims that Plaintiff "may be making redemption and/or loan modification payments to a party not entitled to receive payment." (Pl.'s Compl. ¶ 30, Dkt. # 24.) However, Plaintiff does not allege that he entered into a loan modification agreement or attempted to redeem the Property within the redemption period. Plaintiff cannot claim he was at risk of double liability, because he has not alleged that he attempted to make any payments on the mortgage after MERS assigned the mortgage to U.S. Bank. Therefore, Plaintiff lacks standing to challenge the assignment.

Plaintiff's second argument is that the assignment was invalid because it did not comply with the terms of the Pooling and Servicing Agreement ("PSA") that governs the Ownit Mortgage Loan Trust, Ownit Mortgage Loan Asset-Backed Certificates, Series 2006-4, (the "Trust") for which U.S. Bank serves as Trustee. Plaintiff alleges that the PSA required all loans to be transferred into the Trust within two years of the Trust's closing date on June 26, 2008. As the mortgage was transferred to U.S. Bank in June 2011, Plaintiff claims that the assignment was defective because it did not comply with the terms of the PSA. Plaintiff further argues that Defendants have not submitted evidence demonstrating that the note contains a complete chain of endorsements as required by the PSA. Plaintiff, however, was not a party or third-party beneficiary to the PSA, and therefore lacks standing to challenge a breach of its terms. *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp. 2d 724, 748 (E.D. Mich. 2010); *Wittenberg v. First Indep. Mortg. Co.*, No. 3:10-CV-58, 2011 WL

5

1357483, at *21-22 (N.D. W. Va. Apr. 11, 2011); *Greene v. Home Loan Servs., Inc.*, No. 09-719, 2010 WL 3749243, at *4 (D. Minn. Sept. 21, 2010).

Plaintiff's claim that the sheriff's sale should be set aside because U.S. Bank violated Michigan Compiled Law § 600.3204(1)(d) fails as a matter of law.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendants' motion for summary judgment [Dkt. # 29] is GRANTED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: March 14, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 14, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522