UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH J. CHRISTOPHER,

    Plaintiff,

v.                                                          Case No. 12-11872

OWNIT MORTGAGE
SOLUTIONS, INC., et al.,

    Defendants.
                                  /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On April 17, 2013, Plaintiff Kenneth Christopher moved for reconsideration of the court's March 14, 2013 order granting summary judgment in favor of Defendants Mortgage Electronic Registration Systems, Inc., ("MERS") and U.S. Bank, N.A. A motion for reconsideration must be filed within fourteen days after an order is entered. E.D. Mich. LR 7.1(h)(1). As Plaintiff's motion was filed over a month after the court's order, the motion will be denied as untimely filed.

Even if the motion were timely filed, Plaintiff has not identified a "palpable defect" in the court's order to warrant relief. A motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

Plaintiff first alleges that the court erred in finding that he lacks standing to challenge MERS's assignment of the mortgage to U.S. Bank, N.A. Plaintiff asserts that he has standing to challenge the assignment and cites *El-Seblani v. OneWest, FSB*, No. 11-11178, 2011 WL 6309255 (E.D. Mich. Dec. 15, 2011), to support his claim. However, Plaintiff does not discuss the facts or ruling of *El-Seblani* or otherwise explain how that case impacts the court's order. The court relied on *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010), in finding that Plaintiff lacks standing because he was a non-party to the assignment. Plaintiff asks the court to adopt the holding in *Talton v. BAC Home Loans Servicing LP*, 839 F. Supp. 2d 896 (E.D. Mich. 2012), that "*Livonia Properties* does not compel the conclusion that a foreclosure plaintiff can never attack the foreclosure by challenging the validity of an underlying assignment." *Id.* at 906. The *Talton* court's ruling, issued by another judge in this district, is not binding on this court. Furthermore, other courts on the Eastern District of Michigan that have applied *Livonia Properties* after *Talton* was issued do not agree with the *Talton* court's interpretation of *Livonia Properties*. *See, e.g.*, *Carmack v. Bank of N.Y. Mellon*, No. 12-cv-11669, 2012 WL 2389863, at *3 (E.D. Mich. June 25, 2012) (citing *Livonia Properties* for the proposition that "[a] non-party cannot challenge a mortgage assignment"). Accordingly, this court's decision to not adopt the *Talton* court's ruling does not amount to an "obvious" or "unmistakable" defect.

As explained in the court's order granting summary judgment for Defendants, a non-party to an assignment has standing to challenge that assignment in limited

2

circumstances. A mortgagor "may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void," such as "nonassignability of the instrument, assignee's lack of title, [or] a prior revocation of the assignment." *Livonia Props.*, 339 F. App'x at 102 (citations omitted). Mortgagors have standing to raise those defenses when there is a "genuine claim" as to the identify of the rightful owner of the loan such that mortgagors may be subject to double liability and "cannot otherwise protect themselves from having to pay the same debt twice." *Id.* The court found that Plaintiff was not at risk of double liability for two reasons. First, a record chain of title existed demonstrating that U.S. Bank, N.A., was the owner of the mortgage. Second, Plaintiff did not allege that he attempted to make a mortgage payment after the assignment.

  Plaintiff disagrees with the ruling. To support his position, Plaintiff discusses Fannie Mae's lawsuit against Merrill Lynch & Co., Inc., ("Merrill Lynch"). On September 2, 2011, Fannie Mae sued Merrill Lynch alleging that Merrill Lynch made false representations about residential mortgage-backed securities that Fannie Mae purchased. (Dkt. # 42-3.) One of the securities at issue in the lawsuit is Ownit Mortgage Loan Trust, Ownit Mortgage Loan Asset-Backed Certificates, Series 2006-4, which allegedly contains the Trust that owns Plaintiff's mortgage. Plaintiff argues that, because the lawsuit remains unresolved, "[i]t cannot be definitively stated that Plaintiff could not be in jeopardy of having his property claimed by two different creditors." (Dkt. # 42 at Pg ID 1100.) The conclusion is tenuous and speculative, thereby falling far short of a palpable defect.

Finally, in response to Defendants' summary judgment motion, Plaintiff argued that the mortgage assignment was invalid because it did not comply with the terms of the Pooling and Servicing Agreement ("PSA") that governs Ownit Mortgage Loan Trust, Ownit Mortgage Loan Asset-Backed Certificates, Series 2006-4.  The court found that Plaintiff lacks standing to challenge a breach of the PSA's terms because he was not a party or third-party beneficiary to the PSA.  In an attempt to identify a palpable defect, Plaintiff asserts only that this court's ruling "is equally addressed in [*Talton*]."  (Dkt. # 42 at Pg ID 1100.)  No effort is made to apply *Talton* to the present case, and consequently no defect is identified.

Plaintiff's untimely motion for reconsideration fails to demonstrate a palpable defect in the court's March 14, 2013 order granting summary judgment in favor of Defendants.  Accordingly,

IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 42] is DENIED.

     s/Robert H. Cleland                  
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 24, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 24, 2013, by electronic and/or ordinary mail.

     s/Carolyn Ciesla for Lisa Wagner    
Case Manager and Deputy Clerk
(313) 234-5522